On the Merits.
Bermudez, C. J.
The executor’s account is opened by five parties: J. L. G-ubernator, the heirs of Stevens, Patrick Coyle, J. W. Fee and J. J. Warren, under tutor.
I.
The first merely asks to be recognized as an ordinary creditor, and he so correctly was. His claim is not disputed here.
II.
The claim of the heirs of Stevens was rejected in the lower court. They have neither appealed nor joined in the appeal. The judgment as to them cannot be altered.
III.
Coyle claims to be a creditor for $1,619,77, as subrogee of T. L, Wibray, for balance due on a note endorsed by the deceased, $205, and for three sums : $500, $285.75 and $735, said to have been loaned to the deceased, and upon which he had obtained judgment against the executor, who had appealed from it. The appeal is not decided.
The record in that case was offered in evidence on the opposition, with an understanding that the judgment to be rendered on it, in these proceedings, will settle the controversy in that suit. 32 A. 767.
The District Judge rejected Coyle’s opposition, but, on the motion for a new trial, amended his judgment by directing the executor to retain an amount sufficient to pay Coyle’s claim.
The judgment against the executor in case No. 8073 of the docket of this Court, was that the claim be iiaid in due course of administration. It was equivalent to an ex parte recognition of th e claim by the executor, *543 a substitute for it by the Judge, and would have been mandatory on the succession representative, to have placed it on the account, had he not appealed from it.
The effect of such a judgment is not greater than that of a recognition by the executor. It interrupts prescription and liquidates the claim, only to the extent of permitting the creditor to intervene in the mortuary proceedings as a party concerned in the estate. 11 A. 177; 18 Á. 583 : 21 A. 44 ; 27 A. 552; 10 A. 224 ; C. P. 986, 1054.
It is not such as concludes the creditors, who must establish their claims contradictorily with each other to the fund to be distributed, particularly in insolvent successions where they seek to force themselves upon the estate, or the reality of their claims is seriously disputed and assailed. 4 A. 451, and above authorities besides. A contrary doctrine would have the mischievous effect of placing the ■other parties concerned in the settlement of successions at the mercy of a dishonest or neglectful administrator.
The defenses set up against Coyle’s claim are: That the note endorsed by Creevy was not protested, and that the required notices were not issued. Prescription is also set up, but against the recovery of the money said to have been loaned him.
The record does not show that the conditions precedent, essentially necessary to hold an endorser liable, have been fulfilled. It was incumbent on Coyle to have established the fact affirmatively, and he has not done so.
The sums claimed are averred to have been loaned on March 3d, and April 18th and 22 of 1876.
A claim for the reimbursement of money loaned is effectually barred by the prescription of three years, where no interruption is shown. R. C. C. 3538.
The attempt to prove interruption by entries from a memorandum book kept by Coyle’s subrogor, of payments made by Creevy, on account of the loan, and unsigned by the latter, is of no avail.
Under Article 2278 of the R. C. C., oral testimony was inadmissible, and even if received without objection, it could not be considered. 23 A. 747; 24 A. 401; 26 A. 220 ; 21 A. 350.
In the case of Pavy vs. Escoubas, 23 A. 581, it was held that such evidence was not admissible to prove that partial x>ayments, endorsed ■on a note, but not signed by the maker, were actually made by him ; the evidence being offered after the maker’s death. 21 A. 350. Indeed, the law requires a written evidence” signed by the party sought to be made liable, and in negative tenns, forbids the reception of any other.
The authorities relied upon by Coyle’s counsel, refer to cases in which suit had been brought against a living debtor. In such instances, parol *544 or oral testimony is unquestionably permissible to show intemiption of prescription by such debtor/ but that sort of evidence ceases to be admissible, and becomes absolutely prohibited, after the debtor has died.
The District Judge properly rejected the claim, but erred in ordering, as he did, a reserve of fund to meet it, as presented in the suit of Coyle vs. the Succession of Creevy, on appeal.
IV.
J. W. Pee claims to be a creditor for $4,286.32, with 8 per cent, interest on $3,423.70 thereof. His claim was properly allowed and does not appear to be disputed in this Court.
Fee opposes, however, these items :
1. The claim of Henry McKay, which was established and allowed with interest. It is not seriously pretended that there is any error in the judgment, and we discover none.
2. The next item opposed by him was that in favor of the succession attorneys, but the difference was amicably adjusted and need not be noticed.
3. He finally objected to an item of $495, paid by the executor for rent subsequent to Creevy’s death. He claims that the executor is liable for that amount, as he should have caused to be inventoried and made profitable the lease which Creevy had to the house, and which, at his death, had nine months to run, and has not done so. He claims that the executor’s commissions, $345.55, should be applied to the partial payment of that item, and that he should be held personally for the balance. On the other hand, it is insisted that if the rent be not chargeable to the executor, as due by him, it is to be deducted from the one thousand dollars homestead, claimed by the minors, if it be allowed them.
The rent paid was due for the use of a house leased by Creevy at $55 per month, for the year expiring on December 1st, 1880.
It appears that there existed a contract between Hopkins, the executor, and Creevy, the deceased, who Were kinsmen, under which tin; former was to pay all housekeeping expenses for Creevy and his family, while in return, the latter was to procure the residence. The lease and this agreement survived Creevy, whose death dissolved neither. As Hopkins fulfilled his portion of the understanding by providing fully for the five minor children of the deceased, supplying them with food and other necessaries of life, there is no reason why the succession of Creevy should not be held for the performance of its share of corresponding obligations. The rent constituted a debt which the succession owed and had to pay, and to extinguish which Hopkins’ commission *545 cannot be applied. It is true that lie failed to declare tlie lease at the taking of tlie inventory and did not turn tlie children out of the property and vacate it himself, and rout or endeavor to rent it, to realize something from it, but no creditor can complain of those omissions, owing to the view which we have taken of the matter, on the opposition of the minors, which we will now consider.
Y.
The fifth and last opposition is that lhade for the homestead of the minor children of the deceased left in necessitous circumstances., The claim in their behalf was properly allowed, under the evidence. The minors were entitled to the allowance at the date of the opening of the succession. Had it been paid them at that ’time, their wants and necessities for shelter and other purposes would have had necessarily to be satisfied out of it.' It could not aud was not then paid, but they received the benefit of the contract of tlioir father with Hopkins, by occupying the house and being otherwise taken care of by the latter. Their under tutor is not heard, nor could he be, to complain that $55 per month for their support is not as moderate aud reasonable a charge as could have been possibly made, under the circumstances. The homestead law in their favor is in derogation of common right, and must be construed strictly. To allow the minors the one thousand dollars, and also the benefit rvhich they have derived from the payment of the rent, since their father’s death, would be to give them more than the quantum fixed by law.
The ruling on that opposition was correct.
For those reasons:
It is ordered and decreed, that the judgment appealed from by the executor, be amended by striking therefrom that portion of it which, on the motion for a new trial, directs the executor to retain an amount sufficient to satisfy Patrick Coyle’s claim,‘and that thus amended, said judgment be affirmed; the costs in both courts to be borne equally by J, W. Fee and Patrick Coyle, appellees.
It is further ordered and decreed, under the agreement of the parties, for the, trial and determination, in these proceedings, of the suit of Patrick Coyle vs. the Succession of William Creevy, pending before, this Court, under Ho. 8073 of its docket, that the judgment therein rendered, be and it is hereby reversed and avoided, and that plaintiff’s demand therein be rejected, with judgment in favor of the succession of William Creevy, at the cost of plaintiff in both Courts.